Myron Dunavan State Long Term Care Ombudsman Department on Aging Docking State Office Bldg., 150-S Topeka, Kansas 66612
Dear Mr. Dunavan:
As the state long-term care ombudsman you request our opinion regarding whether the federal older Americans act and the Kansas long-term care ombudsman act conflict in relation to the access of records of residents of long-term care facilities. Specifically you inquire whether the ombudsman can ever gain access to resident records without the expressed permission of the resident or guardian.
The purpose of the state ombudsman program is to protect the rights of the resident and not those of the long-term care facility. Barbara J. Sabol from the Kansas department on aging testified in front of the house committee on public health and welfare:
 "People who need nursing home care are usually elderly, frail and vulnerable. . . . The ombudsman, as a neutral person, who can listen to the needs, problems, or complaints of residents and assist in resolving them, make referrals, or provide linkages to community organizations serves a needed role in providing a continuum of care for our older citizens who reside in nursing homes." Minutes, House Committee on Public Health and Welfare, February 19, 1980, Exhibit II.
Both the federal and state statutes regulate in the same area of the law. 42 U.S.C.S sec. 3058g provides: "[i]n order to be eligible to receive an allotment under section 703 [42 U.S.C.S sec. 3058b] from funds appropriated under section 702(a)[42 U.S.C.S sec. 3058a(a)] a State agency shall, in accordance with this section . . . establish and operate an Office of the State Long-Term Care Ombudsman; and . . . carry out through the Office a State Long-Term Care Ombudsman Program."
Further, K.S.A. 1993 Supp. 75-5903 provides: "[t]he department on aging shall be the single state agency for receiving and disbursing federal funds made available under the federal older Americans act (public law 89-73) and any amendments thereto or other federal programs for the aging." In addition to regulating the same activities, the state and federal statutes also reference each other.
The specific statutes at issue concern the powers of the state ombudsman to gain access to the records of long-term care facility residents. K.S.A. 1993 Supp. 75-5920 provides the following requirements regarding access to records by the state ombudsman:
 "With the written consent of the resident of the facility, guardian of the resident or next of kin of a deceased resident, an ombudsman shall have access to all records and documents kept for or concerning the resident. . . ."
 42 U.S.C.A sec. 3058g provides that the state shall ensure the state ombudsman have:
 "(B)(i) appropriate access to review the medical and social records of a resident, if:
 "(I) the representative has the permission of the resident, or the legal representative of the resident; or
 "(II) the resident is unable to consent to the review and has no legal representative;
 "(ii) access to the records as is necessary to investigate a complaint if:
 "(I) a legal guardian of the resident refuses to give the permission;
 (II) a representative of the Office has reasonable cause to believe that the guardian is not acting in the best interests of the resident; and
 (III) the representative obtains the approval of the Ombudsman;"
The federal statute allows the state ombudsman access to the records when the resident is unable to give consent and the resident's guardian refuses to give consent. The state statute, however, provides no such authority and requires written consent of either the resident, guardian, or next of kin before the ombudsman's access to the records is allowed.
The doctrine of federal preemption arises from the supremacy clause of the United States constitution. U.S. Const., art. 6, sec. 2.
 "It is well established that within constitutional limits Congress may pre-empt state authority by so stating in express terms. [Citation omitted.] Absent explicit pre-emptive language, Congress' intent to supersede state law altogether may be found from a "`scheme of federal regulation . . . so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," because the Act "of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject," or because "the object sought to be obtained by the federal law and the character of obligations imposed by it may reveal the same purpose.'" [Citation omitted]. Even where Congress has not entirely displaced state regulation in a specific area, state law is pre-empted to the extent that it actually conflicts with federal law. Such a conflict arises when `compliance with both federal and state regulations is a physical impossibility,' [citation omitted], or where state law `stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" Pacific Gas and Electric v. Energy Resources Comm'n, 461 U.S. 190, 75 L.Ed.2d 752, 103 S.Ct. 1713 (1983).
The department on aging is a single state agency for receiving and disbursing federal funds made available under the federal older Americans act (public law 89-73) and any amendments thereto or other federal programs for the aging. K.S.A. 1993 Supp. 75-5903. The federal government has given the state ombudsman greater authority to access the records of residents of long term facilities than K.S.A. 1993 Supp 75-5920 has provided. As a result, compliance with both the federal and state laws is in effect physically impossible. In addition, by requiring the state ombudsman to always have the written consent of the resident or guardian, K.S.A. 1993 Supp. 75-5920 is an obstacle to the accomplishment and execution to the full objective of congress.
Therefore, the state long-term care ombudsman shall have all powers of accessing long-term care residents' records pursuant to42 U.S.C.S sec. 3058g. This includes access without the consent of the guardian, when the resident is unable to consent and the ombudsman believes the guardian is not acting in the best interests of the resident. K.S.A. 1993 Supp. 75-5920 is in conflict with42 U.S.C.S sec. 3058g and must yield to the provisions of the federal statute.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas